RECEIPT #
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 12-3-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CIVIL DIVISION

VASILIOS DONAS )
    Plaintiff, )
)
v. )
) File No.
COMMISSIONER OF SOCIAL SECURITY )
    Defendant. )
) 04-12544-NMG

**COMPLAINT**

Plaintiff, Vasilios Donas, alleges:     MAGISTRATE JUDGE _____

1. This is an action to review a final decision of the Commissioner of Social Security. This court has jurisdiction of the action under 42 U.S.C.A. §405(g) to review a disallowance of disability benefits under the Social Security Act, and 42 U.S.C.A. §1383(c).

2. Plaintiff, whose Social Security account number is 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, resides at Solonos 15, 5110 Grevena, Greece.

3. On July 17, 1997, plaintiff, filed an application for Supplemental Security Income disability benefits as provided by 42 U.S.C.A. §1383(e). The application was denied initially and on reconsideration. After hearing, the Administrative Law Judge rendered a decision on April 23, 2004 that plaintiff was not disabled within the meaning of Title XVI of the Social Security Act. A copy of this decision is attached, marked Exhibit A, and incorporated by reference.

4. In arriving at his decision, the Administrative Law Judge made the following findings:
    a. Plaintiff has worked as a construction worker.
    b. Plaintiff did not establish by substantial persuasive evidence that he has an impairment or combination of impairments that may be expected to last or which have lasted for as long as 12 months, and that have prevented or can be expected to prevent all gainful activity.

5. The above decision became the final decision of the defendant when it was affirmed by the Appeals Board on review on July 2, 2004. A copy of this decision is attached, marked Exhibit B, and incorporated by reference. Plaintiff has accordingly exhausted his administrative remedies.

6. The finding of defendant that plaintiff is not disabled is not supported by substantial evidence.

7. The evidence before the Administrative Law Judge at the administrative hearings and on review before the Appeals Council shows, without substantial contradiction, that plaintiff was severely and irremediably disabled, in that he suffers from multiple musculoskeletal disorders affecting the cervical and lumbosacral parts of the spine and knees. Additionally, the plaintiff has coronary artery disease and anxiety neurosis. Such disabilities render the plaintiff unable to engage in any substantial gainful activity, within the meaning of the Social Security Act. Defendant's finding to the contrary, regarding plaintiff's impairments, lacks any substantial support in the evidence.

8. Wherefore, plaintiff requests that:
   1. The Court review the decision of the defendant;
   2. The Court reverse such decision and enter judgment that plaintiff is entitled to Supplemental Security Income benefits;
   3. The Court award the costs of this action to plaintiff; and
   4. The Court award such other and further relief as it deems just and proper.

Dated: 11/28/2004

Respectfully submitted,
Vasilios Donas
By his Attorney,

George P. Taoultsides
BBO No.: 657897
Law Office of George P. Taoultsides
399 Main Street, Suite One
Medford, MA 02155

# EXHIBIT A

**SOCIAL SECURITY ADMINISTRATION**

Refer To: 028-44-2(

Office of Hearings and Appeals
111 Livingston Street, 18th Floor
Brooklyn, New York 11201-5078

Date: APR 2 3 2004

Vasilios Donas
15 Solonos Street
51100 Grevena
Greece

## NOTICE OF DECISION – UNFAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

**If You Disagree With The Decision**

If you do not agree with my decision, you may file an appeal with the Appeals Council.

**How To File An Appeal**

To file an appeal you or your representative must request that the Appeals Council review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the **Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255**. Please put the Social Security number shown above on any appeal you file.

**Time To File An Appeal**

To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

See Next Page

## SOCIAL SECURITY ADMINISTRATION
### Office of Hearings and Appeals

### DECISION

| **IN THE CASE OF** | **CLAIM FOR** |
|---|---|
| | Period of Disability and Disability Insurance Benefits |
| Vasilios Donas | |
| (Claimant) | |
| | 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 |
| | (Social Security Number) |
| (Wage Earner) | |

### PROCEDURAL HISTORY AND JURISDICTION

The claimant, who was born in Greece on February 8, 1944 and is currently 60 years old, filed an application for Title II Disability Insurance Benefits on July 17, 1997. At that time, he alleged disability since July 1988 due to cervical syndrome with vertigo, degenerative spondyloarthritis, arthritis of the knees, coronary artery disease, and anxiety neurosis (Exhibits 1D and 1E).

The claim was medically denied initially and on reconsideration, and is currently before me upon the filing of a timely request for hearing. The claimant previously filed an application for disability benefits in July 1988.

The claimant, who currently resides in Greece, has elected to have a decision made on the evidence in the record without an oral hearing. Although fully apprised of his right to representation, he has chosen to proceed with his request for hearing without a representative.

### ISSUES

The general issue is whether the claimant is entitled to a period of disability and Disability Insurance Benefits under Sections 216(i) and 223 of the Social Security Act. The specific issue is whether he is under a disability that commenced on or before December 31, 1988, the date he last met the insured status requirement for entitlement to disability insurance benefits under Section 216(i) of the Social Security Act (Exhibit 2D).

See Next Page

Vasilios Donas (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)                                              Page 2 of 3

**Time To Submit New Evidence**

You should submit any new evidence you wish to the Appeals Council to consider **with** your request for review.

**How An Appeal Works**

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 404, Subpart J.

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It **will** review your case if one of the reasons for review listed in our regulations exists. Section 404.970 of the regulations lists these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision fully or partially favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

**The Appeals Council May Review The Decision On Its Own**

The Appeals Council can review my decision even without your request to do so. If it decides to do that, the Council will mail you a notice about its review within 60 days from the date of this notice.

**If No Appeal And No Appeals Council Review**

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

**New Application**

You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision. If you disagree with my decision and you file a new application instead of appealing, you might lose some benefits, or not qualify for any benefits. My decision could also be used to deny a new application for insurance benefits, if the facts and issues are the same. So, if you disagree with this decision, you should file an appeal within 60 days.

See Next Page

Vasilios Donas (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)

The regulations define disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

## SUMMARY OF DECISION

Upon reviewing all of the evidence of record, I conclude that the claimant was not disabled within the meaning of the Social Security Act on or before the date his disability insured status expired on December 31, 1988, and that he is not, therefore, eligible for disability insurance benefits based on the application filed in July 1997.

## EVALUATION OF THE EVIDENCE

In following the five-step sequential evaluation process for determining disability under the Social Security Act, as promulgated under section 404.1520 of the Regulations No. 4, it is initially noted that the record is devoid of evidence that refutes the claimant's allegation that he has not worked since July 1988 (Exhibit 2D).

From a medical standpoint, a medically determinable impairment or combination of impairments is severe if it limits an individual's physical or mental ability to do basic work activities (20 CFR § 404.1521). In the instant case, the claimant alleges inability to work since July 1988 due to musculoskeletal disorders involving the cervical and lumbosacral segments of the spine and the knees, coronary artery disease, and anxiety neurosis. In support of his allegation, he has submitted a number of letters from doctors in Greece who have reportedly treated him for his alleged medical problems since 1983. However, these letters, which were all written after he filed his application for benefits in July 1997, provide no specific information about when the claimant first complained of, or sought treatment for, the multiple musculoskeletal and cardiac disorders he currently suffers from. The vague letters likewise include no information as to when or how often the claimant was seen, what treatment was prescribed, or what signs or symptoms the claimant may have specifically presented during examinations conducted prior to December 31, 1988.

Further tarnishing the overall validity of the doctor's letters and opinions, at least as they pertain to the claimant's ability to work prior to December 31, 1988, is the fact that the claimant admittedly did heavy construction work in Greece from August 1983 through 1987 despite his "disabling" impairments (Exhibits 17F and 18F); the claimant's report that he first saw his treating cardiologist in 1992 (Exhibit 1E); and a report that he first became entitled to partial disability benefits (35 percent) in Greece in June 1989 due to "common disease," and was not found to be 80 percent disabled due to the various musculoskeletal and cardiac impairments he currently alleges until June 1998 (Exhibit 6F).

See Next Page

**Your Right To Representation in an Appeal**

You may have a lawyer or other person help you in any appeal you file with the Appeals Council. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with an appeal.

If you get someone to help you with an appeal, you or that person should let the Appeals Council know. If you hire someone, we must approve the fee before he can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past-due insurance benefits to pay towards the fee.

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office. If you visit an office, please bring this notice and decision with you. The telephone number of the local office that serves your area is 718-330-7629. Its address is 195 Montague Street, Third Floor, Brooklyn, NY 11201.

                                            Lucian A. Vecchio
                                            U. S. Administrative Law Judge

Enclosures

In addition to the above, the record is likewise devoid of contemporaneous evidence documenting that the claimant's activities of daily living or overall day-to-day functioning was limited by any symptom or medical condition on or before December 31, 1988.

Accordingly, since medical evidence inconsistent with the initial and reconsideration determinations that the claimant did not have a medically documented "severe" impairment on or before December 31, 1988 is not demonstrated in the record, I find that the claimant is not under a disability as defined in the Social Security Act that commenced on or before December 31, 1988, and that he is not, therefore, entitled to disability insurance benefits based on an application filed on July 1, 1997 (20 CFR § 404.1520(c)).

## FINDINGS

After careful consideration of the entire record, I make the following findings:

1. The claimant met the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act as of July 1, 1988, his alleged disability onset date, and continued to be insured for benefits through December 31, 1988, but not thereafter (Exhibit 2D).

2. The claimant has not engaged in substantial gainful activity since his alleged onset of disability.

3. The claimant has the following medically determinable impairments: disorders of the cervical and lumbosacral segments of the spine.

4. The claimant did not have an impairment or combination of impairments that significantly limited his ability to perform basic work-related activities on or before December 31, 1988; therefore, the claimant did not have a "severe" impairment prior to the expiration of his disability insured status (20 CFR § 404.1520).

5. The claimant is not under a "disability" as defined in the Social Security Act, that commenced prior to the expiration of his disability insured status on December 31, 1988 (20 CFR § 404.1520(c)).

See Next Page

## DECISION

It is my decision that, based on the application filed on July 17, 1997; the claimant is not entitled to a period of disability or Disability Insurance Benefits under Sections 216(i) and 223, respectively, of the Social Security Act.

*[signature]*
Lucian A. Vecchio
U. S. Administrative Law Judge

APR 2 3 2004
Date

# EXHIBIT B

**SOCIAL SECURITY ADMINISTRATION**

Refer to: TAHB
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

Office of Hearings and Appeals
5107 Leesburg Pike
Falls Church, VA 22041-3255
Telephone: (703) 605-8000
Date:

# NOTICE OF APPEALS COUNCIL ACTION

Mr. Vasilios Donas
15 Solonos Street
51100 Grevena
Greece

This is about your request for review of the Administrative Law Judge's decision dated April 23, 2004.

### We Have Denied Your Request for Review

We found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review.

This means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case.

### Rules We Applied

We applied the laws, regulations and rulings in effect as of the date we took this action.

Under our rules, we will review your case for any of the following reasons:

- The Administrative Law Judge appears to have abused his or her discretion.

- There is an error of law.

- The decision is not supported by substantial evidence.

- There is a broad policy or procedural issue that may affect the public interest.

- We receive new and material evidence and the decision is contrary to the weight of all the evidence now in the record.

### What We Considered

In looking at your case, we considered the reasons you disagree with the decision.

We found that this information does not provide a basis for changing the Administrative Law

Vasilios Donas (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)                                          Page 2 of 3

Judge's decision.

**If You Disagree With Our Action**

If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action.

If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules.

**How to File a Civil Action**

You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.

You or your representative must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in rule 4(i) of the Federal Rules of Civil Procedure.

You or your representative must also send copies of the complaint and summons, by certified or registered mail, to:

> The General Counsel
> Social Security Administration
> Room 617 Altmeyer Building
> 6401 Security Boulevard
> Baltimore, MD  21235

And:

> The Attorney General of the United States
> Washington, DC  20530

**Time To File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in

Vasilios Donas (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)

Page 3 of 3

the request.

You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

**About The Law**

The right to court review for claims under Title II (Social Security) is provided for in Section 205(g) of the Social Security Act. This section is also Section 405(g) of Title 42 of the United States Code.

The right to court review for claims under Title XVI (Supplemental Security Income) is provided for in Section 1631(c)(3) of the Social Security Act. This section is also Section 1383(c) of Title 42 of the United States Code.

The rules on filing civil actions are Rules 4(c) and (i) in the Federal Rules of Civil Procedure.

**If You Have Any Questions**

If you have any questions, you may call, write, or visit any Social Security office. If you do call or visit an office, please have this notice with you. The telephone number of the local office that serves your area is 718-330-7601. Its address is:

SOCIAL SECURITY
195 MONTAGUE STREET
3RD FLOOR
BROOKLYN, NY 11201

Mark K. Haydu
Acting Administrative Appeals Judge